IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

BLAKE SANDLAIN,

    Petitioner,

v.                                    Case No. 1:20-cv-00424

WARDEN, FCI MCDOWELL,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the plaintiff's Motion for Default (ECF No. 17), in which Petitioner states that a default judgment should be entered because he had not received Respondent's response to his petition as ordered by the court.

## PROCEDURAL HISTORY

On August 28, 2020, the undersigned issued an Order and Notice directing Respondent to file a response to Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 by October 30, 2020. (ECF No. 11). Respondent timely filed his response on October 28, 2020. (ECF No. 15). However, because Petitioner had not yet received his service copy of the response, on November 3, 2020, Petitioner drafted and executed the instant Motion for Default, which was received in the Clerk's Office and docketed on November 6, 2020. (ECF No. 17). After also being provided copies of his guilty plea

hearing transcript, Petitioner subsequently filed a reply brief on December 7, 2020. (ECF No. 22).

## **ANALYSIS**

Rule 55(a) requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b). However, in the instant case, Respondent timely filed his response and has never been in default and Petitioner has received the response and been granted a full opportunity to reply thereto. Accordingly, Petitioner has suffered no actual prejudice from any delay in receiving the subject response.

Moreover, particularly in the habeas context, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Anderson v. Warden, FCI Coleman I,* No. 5:17-cv-335, 2020 WL 6962736, * 2 (M.D. Fla. June 9, 2020) (quoting *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)); *Santillana v. Collins*, No. 5:14-cv-12474, 2015 WL 852328, at *3 (S.D.W. Va. Jan. 14, 2015), *report and recommendation adopted*, 2015 WL 852335 (S.D.W. Va. Feb. 26, 2015) ("The law is well-settled that resolving a habeas corpus petition on the ground of 'default' is disfavored and generally inappropriate.") (collecting cases). As Respondent is not in default, a default judgment is not warranted herein.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Motion for Default (ECF No. 17) and leave this matter referred to the undersigned United States Magistrate Judge for further findings on the merits of Petitioner's petition.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and to Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

March 25, 2021

Dwane L. Tinsley
United States Magistrate Judge