IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

BLAKE SANDLAIN,

    Petitioner,

v.                                               Case No. 1:20-cv-00424

WARDEN, FCI MCDOWELL,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Blake Sandlain's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

**PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM**

    A.    **Petitioner's conviction and prior post-conviction filings.**

On January 8, 2015, Petitioner pled guilty in the United States District Court for the Eastern District of Michigan to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One) and one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). *United States v. Sandlain*, No.

2:14-cr-20823, ECF No. 44, Plea Agreement. Petitioner's plea agreement contained a stipulation that, prior to his possession of a firearm on April 28, 2014, he been convicted of a felony offense and was on parole at the time of his arrest. *Id.* at 3.

On May 7, 2015, Petitioner was sentenced to a 120-month term of imprisonment on Count One and a 180-month term of imprisonment on Count Two, which were to run concurrently. A Judgment to that effect was entered on May 21, 2015. *Id.*, ECF No. 52. Petitioner did not file a direct appeal. However, on August 7, 2015, he filed a motion pursuant to 28 U.S.C. § 2255 asserting claims of ineffective assistance of counsel. *Id.*, ECF No. 55. The § 2255 motion was ultimately denied on October 20, 2015. *Id.*, ECF No. 72, 73. That judgment was upheld on appeal to the United States Court of Appeals for the Sixth Circuit, and his petition for a writ of certiorari was denied on November 28, 2016. *Id.*, ECF No. 80.

Petitioner has since filed numerous other unrelated post-conviction motions in his sentencing court, none of which have been successful. Petitioner has also had a pre-filing injunction entered against him in his sentencing court, requiring leave of court before any further motions will be considered. *Id.*, ECF No. 119.

B. **The instant petition for writ of habeas corpus.**

Among other filings in this court, on June 22, 2020, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 via the "savings clause" of 28 U.S.C. § 2255(e). He contends that the Supreme Court's interpretation of 18 U.S.C. § 922(g)(1) in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) invalidates his § 922(g)(1) conviction. (ECF No. 1 at 2, 6). Specifically, Petitioner contends that the *Rehaif* decision renders his conduct in support of his § 922(g)(1) conviction non-criminal and that, had he known of the

2

element requiring his prior knowledge of his felon status, he would not have pled guilty and waived his right to a jury trial and, thus, his § 922(g)(1) conviction should be vacated. (ECF No. 2 at 6). He further claims that he can meet all of the *Jones* criteria to raise his claim under § 2241 through the savings clause. (*Id.* at 7-8).

As ordered by the court, on October 28, 2020, Respondent filed a response to the petition (ECF No. 15), asserting that Petitioner cannot meet the criteria for review under the savings clause and, therefore, this court lacks jurisdiction to consider his claim under § 2241. After being provided with a copy of his plea hearing transcript (ECF No. 21, Attach. 1), Petitioner filed a reply on December 7, 2020. (ECF No. 22). The matter is ripe for adjudication.

## **ANALYSIS**

Petitioner's claim challenges the validity of his conviction, not the execution of his sentence. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. Petitioner previously filed an unsuccessful § 2255 motion. Thus, he would likely be procedurally barred from filing another § 2255 motion unless he can meet certain limited criteria.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to §

3

2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332. Thus, the denial of Petitioner's prior § 2255 motion, standing alone, will not permit this court to review his claim under § 2241.

Accordingly, for Petitioner to pursue such relief under § 2241, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed <u>such that the conduct of which the petitioner was convicted is deemed not to be criminal</u>; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-334 (emphasis added). If Petitioner cannot satisfy all of these factors, the court lacks jurisdiction to consider his claim under § 2241. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018).

In interpreting the phrase "this circuit," the Fourth Circuit has held that it is the law of the circuit court in which Petitioner was convicted and sentenced that controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.") Here, because Petitioner was convicted in the Eastern District of Michigan, Sixth Circuit substantive law applies to his claim.

Petitioner contends that the Supreme Court's decision in *Rehaif* is a new interpretation of statutory law, decided after his opportunity to file a direct appeal and a timely § 2255, which rendered him actually innocent of a § 922(g)(1) offense. Therefore, he contends that § 2255 is inadequate and ineffective to test the legality of his detention, permitting review under § 2241. In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Petitioner argues that he was not advised of this required *mens rea* element concerning his status and, therefore, his guilty plea was not knowing and voluntary, and his § 922(g)(1) conviction is improper.

Respondent, on the other hand, maintains that Petitioner cannot satisfy the *Jones* criteria and, therefore, this court lacks jurisdiction over his § 2241 petition. (ECF No. 15 at 4-5). Accordingly, Respondent asserts that Petitioner's petition must either be dismissed or transferred to his sentencing court for consideration under § 2255. (*Id.* at 5). Petitioner's reply largely repeats his arguments from his initial brief and asserts that the new statutory interpretation of the *mens rea* element of § 922(g) offenses set forth

in *Rehaif* renders his conviction thereunder a fundamental defect requiring review of the merits of his claim under § 2241 and the granting of habeas relief. (ECF No. 22 at 4-5).

Petitioner must meet all three of the criteria set forth in *Jones*. 226 F.3d at 333-34. His claim clearly satisfies the first and third prongs. First, settled law at the time of his conviction established the legality of his conviction and sentence. *See United States v. Conley,* 802 F. App'x 919, 922 (6th Cir. 2020) ("Prior to *Rehaif*, . . . we did not require the government to prove that the defendant knew of his prohibited status when he knowingly possessed a firearm."). Furthermore, *Rehaif* was a decision of statutory interpretation, not constitutional law. Thus, Petitioner cannot satisfy the gatekeeping provisions to raise this claim in a § 2255 motion. *See Khamisi-El v. United States,* 800 F. App'x 344, 349 (6th Cir. 2020) (*Rehaif* did not announce a new rule of constitutional law); *see also United States v. Clements,* No. 2:17-CR-20640-1, 2021 WL 2646114, at *2 (E.D. Mich. June 28, 2021); *In re Wright*, 942 F.3d 1063, 1064-65 (11th Cir. 2019) (per curiam) ("*Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2).") (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam)).

However, the Supreme Court recently decided *Greer v. United States*, 141 S. Ct. 2090, 2097 (June 14, 2021), which held that a defendant who had stipulated to his felon status did not demonstrate that his substantial rights were affected due to a *Rehaif* error

in jury instructions.[1] Moreover, since *Rehaif* was decided, a number of courts within the Sixth Circuit have held that being a felon in possession of a firearm is still a valid criminal offense and substantial rights have not been violated where a defendant has admitted to that conduct. *See, e.g., United States v. Grayer,* No. 20-5842, 2021 WL 3813198, at *4 (6th Cir. Aug. 26, 2021) (finding no violation of substantial rights where defendant stipulated to prior felony offenses); *Kerr v. Ormond*, No. 6:19-cv-170-REW, 2020 WL 7028706, at *3 (E.D. Ky. Nov. 30, 2020) (denying § 2241 petition based upon *Rehaif* and finding that stipulation to or admission of a prior felony permits inference of knowledge of prohibited status and forecloses actual innocence claim); *Clark v. Gilley*, No. 6:20-cv-076-DCR, 2020 WL 1644022, at *4 (E.D. Ky. Apr. 2, 2020) (denying § 2241 petition brought under savings clause because stipulation to prior felony convictions satisfied *mens rea* element required by *Rehaif* and, thus, petitioner could not demonstrate actual innocence); *see also Allen v. Dobbs*, No. 20-6471 (4th Cir. Aug. 10, 2021) (unpublished) (per curiam) (affirming dismissal of a § 2241 petition raising *Rehaif* claim under the savings clause based upon the Supreme Court's decision in *Greer*). Here, Petitioner pled guilty to the § 922(g)(1) charge, stipulated in his plea agreement, and then further admitted on the record at his plea hearing that he had been convicted of a felony offense prior to possessing the firearm in question. (ECF No. 21, Attach. 1 at 10-11; *see also United States v. Sandlain*, No. 1:14-cr-20283, ECF No. 44 at 3). Thus, he has the burden of showing that, had he been correctly advised of the *mens*

---

[1] The *Greer* Court overruled the Fourth Circuit's finding of structural error and held that, "in felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100.

*rea* element concerning his status, there is a "reasonable probability" that he would not have pled guilty. *Greer*, 141 S. Ct. at 2097. The *Greer* majority further noted:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb . . . based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." [*United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020)] (Wilkinson, J., concurring in denial of reh'g en banc) . . . A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden . . . of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Id.* Although *Greer* was decided on direct review, to succeed with his claim on collateral review, Petitioner must similarly demonstrate that, but for the failure to advise him of the *mens rea* requirement of knowledge of his status as a felon at the time of possession of a firearm, he would not have pled guilty and would have insisted on going to trial, which he does no more than speculate about here.

Petitioner pled guilty to a § 922(g)(1) offense and thereby acknowledged his prohibited status at the time he possessed the firearm in question. Therefore, he cannot satisfy the second prong of *Jones* because the conduct to which he pled guilty is still criminal and he acknowledged his status as a felon through his guilty plea. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, because Petitioner cannot satisfy all of the *Jones* criteria, he has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, his claim is not proper for consideration under 28 U.S.C. § 2241 and he is not entitled to habeas corpus relief on his *Rehaif* claim in this court. Moreover, since Petitioner has unsuccessfully

filed prior § 2255 motions in his sentencing court and would be unable to file another such motion without authorization from the Sixth Circuit, it would be futile to transfer this matter to Petitioner's sentencing court for further review under § 2255.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

September 27, 2021

Dwane L. Tinsley
United States Magistrate Judge