IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BLAKE SANDLAIN,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:20-00424

WARDEN, FCI MCDOWELL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge Tinsley submitted to the court his Findings and Recommendation on September 27, 2021, in which he recommended that the district court dismiss plaintiff's petition under 28 U.S.C. § 2241 and dismiss this matter from the court's docket.

In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the allotted time

period.  Therefore, on November 1, 2021, the court dismissed plaintiff's petition under 28 U.S.C. § 2241 and directed the Clerk to remove this case from the court's active docket.

On January 14, 2022, the court granted Sandlain's motion to file objections out of time.  And, on January 31, 2022, Sandlain filed objections.  <u>See</u> ECF No. 35.  On April 18, 2022, plaintiff filed a motion to supplement his objections.  <u>See</u> ECF No. 36. That motion is **GRANTED** and the court has considered Sandlain's supplement.  Sandlain has also filed a motion under Federal Rule of Civil Procedure 60 to set aside the judgment.  <u>See</u> ECF No. 32.

On January 8, 2015, in the United States Court for the Eastern District of Michigan, Sandlain pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1).  On May 21, 2015, Sandlain was sentenced to a term of imprisonment of 180 months, consisting of 120 months on the felon in possession charge and 180 months on the drug charge, sentences to run concurrently.  His sentence was largely driven by his criminal history as he was found to be a career offender under the advisory sentencing guidelines.

In this case, Sandlain argues that his felon-in-possession conviction should be set aside based on the decision of the United States Supreme Court in <u>Rehaif v. United States</u>, 139 S. Ct. 2191, 2200 (2019), which held that for a felon-in-possession offense the

government must prove a defendant knew he or she belonged to a category of persons barred from possessing firearms.  According to Sandlain, under Rehaif, his conviction must be vacated.

Magistrate Judge Tinsley concluded that plaintiff's claim was properly considered under 28 U.S.C. § 2255, and not 28 U.S.C. § 2241, because he was challenging the validity of his conviction imposed in the Eastern District of Michigan.  Motions under § 2255 are to be filed in the sentencing court.  However, because plaintiff had not obtained authorization to file a second or successive § 2255, Magistrate Judge Tinsley determined that plaintiff's motion should be dismissed rather than transferred to the sentencing court.

Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."); see also Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 568 (4th Cir. 2021) ("Federal prisoners generally must use the remedy-by-motion mechanism provided in 28 U.S.C. § 2255 to challenge their convictions or sentences."); Farkas v. FCI Butner, 972 F.3d 548, 550 (4th Cir. 2020) ("Congress requires every federal prisoner who collaterally

3

attacks his conviction to employ the motion mechanism provided in 28 U.S.C. § 2255").  "That statute 'affords every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence.'"  Slusser v. Vereen, 36 F.4th 590, 594 (4th Cir. 2022) (quoting Marlowe, 6 F.4th at 568).  "For most, that is the end of the road."  Id.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'"  Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").  "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The United States Court of Appeals for the Fourth Circuit has also held that a person in federal custody may, under certain circumstances, use the savings clause under § 2255 to challenge

his sentence.  See United States v. Wheeler, 886 F.3d 415, 428

(2018).  In Wheeler, the Fourth Circuit held that § 2255 is

inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this
> circuit or the Supreme Court established the
> legality of the sentence; (2) subsequent to the
> prisoner's direct appeal and first § 2255 motion,
> the aforementioned settled substantive law changed
> and was deemed to apply retroactively on collateral
> review; (3) the prisoner is unable to meet the
> gatekeeping provisions of § 2255(h)(2) for second
> or successive motions; and (4) due to this
> retroactive change, the sentence now presents an
> error sufficiently grave to be deemed a fundamental
> defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333-34 (4th Cir.

2000)).

The plaintiff bears the burden of showing the inadequacy or

ineffectiveness of a § 2255 motion.  See Marlowe, 6 F.4th at 568.

The fact that relief under § 2255 is barred procedurally or by the

gatekeeping requirements of § 2255 does not render the remedy of §

2255 inadequate or ineffective.  See In re Jones, 226 F.3d at 332-

33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001).

Of the "limited circumstances: that would "justify resort to §

2241[,]" the United States Court of Appeals for the Fourth Circuit

has noted:

> [W]e think it is beyond question that "§ 2255 is
> not rendered inadequate or ineffective merely
> because an individual has been unable to obtain
> relief under that provision, . . . or because an
> individual is procedurally barred from filing a §
> 2255 motion."  In re Vial, 115 F.3d at 1194 n.5
> (internal citations omitted); Lester [v. Flournoy],

909 F.3d at 716.  In other words, a test is not "inadequate" just because someone fails it.

Second, the "savings clause" is structured as an exception to AEDPA's comprehensive limitations on the scope of habeas review.  Thus, to prevent the exception from swallowing the rule, we have interpreted the "savings clause" narrowly, reasoning that it must encompass only "limited circumstances."  In re Jones, 226 F.3d at 333.  "A contrary rule," we have explained "would effectively nullify" § 2255's specific limitations."  Id.

Farkas, 972 F.3d at 556.

With respect to his Rehaif claim, Magistrate Judge Tinsley correctly concluded that Sandlain was not entitled to relief.  In Rehaif, the Court held that for a felon-in-possession offense the government must prove a defendant knew he or she belonged to a category of persons barred from possessing firearms.  139 S. Ct. 2191, 2200 (2019).  However, as discussed above, if Sandlain seeks to vacate his sentence, the vehicle for doing so is a motion under 28 U.S.C. § 2255.  He may proceed under § 2241 only if he can satisfy the test set out in Jones.  This he cannot do.  Sandlain cannot satisfy the second prong of the savings clause test because the conduct for which plaintiff was convicted is still illegal and being a felon in possession of a firearm is still a valid criminal offense.  Courts within the Sixth Circuit have concluded that Rehaif did not change the substantive law such that the conduct for which Sandlain was convicted is no longer illegal.  See Taylor v. Warden, FCI Fort Dix, CIVIL ACTION NO. 5:21-CV-00414, 2022 WL

2817877, at *3 (S.D.W. Va. July 19, 2022) ("The decisional law in
the United States Court of Appeals for the Sixth Circuit teaches
that Rehaif did not somehow legalize the conduct for which Taylor
was convicted."); Parrish v. Young, Civil Action No. 5:20-00710,
2021 WL 3504643, at *4 (S.D.W. Va. July 13, 2021) ("Additionally,
Rehaif did not change substantive law.  Courts within the Fourth
and Sixth Circuits have held that Rehaif did not change
substantive law if the conduct for which the petitioner was
convicted is still illegal and being a felon in possession of a
firearm is still a valid criminal offense."), proposed findings
and recommendation adopted by 2021 WL 3503228 (S.D.W. Va. Aug. 9,
2021); Andrew v. Barnes, Case No. 5:20-cv-02233-DCC, 2021 WL
1986647, at *2 (D.S.C. May 18, 2021) ("Petitioner cannot meet the
Jones test because he cannot show as a matter of law that Rehaif
rendered his conduct not criminal.  Rehaif only clarified what the
government needs to prove to secure a conviction under 18 U.S.C. §
922(g), and possession of a firearm by a felon remains illegal.").

There is also no merit to Sandlain's Rehaif claim.  In his
plea agreement, Sandlain stipulated that "[p]rior to April 28,
2014, he had been convicted of a felony offense, and that he was
on parole at the time of this arrest."  See United States v.
Sandlain, Case No. 14-cr-20283, ECF No. 44 at p.3.  In Greer v.
United States, 141 S. Ct. 2097, 2097 (2021), the Court held that a
defendant who had stipulated to being a felon did not demonstrate

that his substantial rights were affected due to a <u>Rehaif</u> error in
jury instructions.  As the Court put it:

> In a felon-in-possession case where the defendant
> was in fact a felon when he possessed firearms, the
> defendant faces an uphill climb . . . based on an
> argument that he did not know he was a felon.  The
> reason is simple:  If a person is a felon, he
> ordinarily knows he is a felon.  "Felony status is
> simply not the kind of thing that one forgets."
> <u>United States v. Gary</u>, 963 F.3d 420, 423 (4th Cir.
> 2020) (Wilkinson, J., concurring in denial of reh'g
> en banc).  That simple truth is not lost upon
> juries.  Thus, absent a reason to conclude
> otherwise, a jury will usually find that a
> defendant knew he was a felon based on the fact
> that he was a felon. . . .  In short, if a
> defendant was in fact a felon, it will be difficult
> for him to carry the burden on plain-error review
> of showing a "reasonable probability" that, but for
> the <u>Rehaif</u> error, the outcome of the district court
> proceedings would have been different.

<u>Id.</u>  It is doubtful that Sandlain would be able to show a <u>Rehaif</u>
error given his plea agreement stipulation as well as the fact
that he had been convicted of multiple felonies.  <u>See</u> <u>Pate v.</u>
<u>Young</u>, Case No. 5:19-cv-00600, 2022 WL 1043692, at *4 (S.D.W. Va.
Mar. 4, 2022) ("[S]ince <u>Rehaif</u> was decided, a number of courts
within the Sixth Circuit have held that being a felon in
possession of a firearm is still a valid criminal offense and that
substantial rights have not been violated where a defendant has
admitted to that conduct."), <u>proposed findings and recommendation</u>
<u>adopted by</u> 2022 WL 1042740 (S.D.W. Va. Apr. 6, 2022); <u>Jones v.</u>
<u>Lee</u>, Case No. 7:20-cv-00278, 2022 WL 824104, at * 5-6 (W.D. Va.
Mar. 18, 2022 (denying <u>Rehaif</u> habeas claim where petitioner

"admitted that he was a felon when he pled guilty," "had been convicted of <u>multiple</u> felonies," and "had received sentences longer than a year.").  Furthermore, Sandlain has offered no evidence that he did not know he was a felon when he possessed a firearm.

Based upon the foregoing, the court concludes that Sandlain's objections have no merit and, therefore, his Rule 60 seeking relief from the court's judgment (ECF No. 32) is **DENIED**. The court also **DENIES** his motions for transcripts and for a status report or hearing.  <u>See</u> ECF Nos. 34 and 37.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

**IT IS SO ORDERED** this 27th day of September, 2022.

ENTER:

David A. Faber
Senior United States District Judge

9